IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AARON GIBSON,

        **Plaintiff,**

v.                                                         Civil Action No. 5:09cv85
                                                               (Judge Stamp)

S. FRAME AND E. DICKERSON,

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On July 22, 2009, the *pro se* plaintiff filed this civil rights action, which challenges the constitutionality of a prison disciplinary proceeding he received while incarcerated at FCI-Gilmer (dckt. 1). On July 29, 2009, the plaintiff was granted permission to proceed as a pauper and assessed an initial partial filing fee (dckt. 9).

On August 4, 2009, the plaintiff filed a Motion to Withdraw Without Prejudice (dckt. 10). In the motion, the plaintiff asserts that since the filing of this case, he has discovered that the proper vehicle to challenge a prison disciplinary proceeding is a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Thus, he requests permission to withdraw this civil action without prejudice to his right to re-file his claims under § 2241.

On August 12, 2009, the undersigned conducted a review of the plaintiff's motion to withdraw and advised the plaintiff that a § 2241 petition is appropriate to challenge a prison disciplinary action when such action resulted in a loss of good time credits (dckt. 12). However, because the plaintiff did not provide the Court any information as to the sanctions he received as a result of the challenged disciplinary action, the Court informed the plaintiff that it could not, at that

time, determine whether his motion to withdraw was appropriate. Therefore, the Court directed the plaintiff to file supplemental information pertaining to the sanctions he received as a result of the challenged disciplinary proceeding.

The Court received the plaintiff's initial partial filing fee on August 13, 2009 (dckt. 13), and his supplemental response on August 20, 2009 (dckt. 15). In the supplemental response, the plaintiff asserts that the challenged disciplinary proceeding resulted in the following sanctions: (1) 90 days loss of phone privileges; (2) 90 days loss of commissary; (3) 90 days loss of visitation privileges; and (4) 27 days loss of good time.

Because the challenged disciplinary proceeding resulted in the loss of good time credit, the plaintiff is correct that he should have made his challenge pursuant to a writ of habeas corpus. See 28 U.S.C. § 2241 (a § 2241 petition is used to attack the manner in which a sentence is executed); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973) (when an inmate challenges a prison disciplinary proceeding that resulted in a loss of good time credit, his claim is properly raised under § 2241). Accordingly, the undersigned recommends that the plaintiff's Motion to Withdraw Without Prejudice (dckt. 10) be **GRANTED** and this case be **DISMISSED without prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C.

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 10, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE